BENJAMIN B. WAGNER
United States Attorney
PAUL A. HEMESATH
JARED C. DOLAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LEE LOOMIS, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:12-CR-315 JAM<br><br>OPPOSITION TO MOTION TO SUPPRESS EVIDENCE<br><br>DATE: July 22, 2014<br>TIME: 9:45 a.m.<br>COURT: Hon. John A. Mendez |

## I.　　INTRODUCTION

In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court provided a mechanism to overcome the presumption of validity that accompanies a search warrant authorized by a neutral and detached magistrate. If successful, that mechanism entitles a criminal defendant to present evidence that a sworn law enforcement officer (in this case, a federal agent) either intentionally lied in the warrant affidavit or provided misrepresentations (or material omissions) with a reckless disregard for the truth. Such a finding can have serious consequences for the career of the agent. See United States v. Thoms, 684 F.3d 893, 905 (9th Cir 2012) (recognizing that adverse credibility finding against search warrant affiant "could have serious professional, even legal, consequences"). To establish his right to such a serious hearing, the defendant must come forward with more than mere allegations of intentional falsity; an offer of proof is required. The defendant in this case submitted nothing. Accordingly, the Court should deny his motion without a hearing.

The defendant also claims that evidence should be suppressed because the government failed to follow Ninth Circuit computer search protocols. His motion fails to recognize that those protocols are no longer the law and, according to subsequent Ninth Circuit authority, are not required by the Fourth Amendment.

## II.     ARGUMENT

### A.    Franks Hearing

The Court should reject the defendant's motion for a Franks hearing because the defendant has failed to submit any offer of proof that the search warrant affidavit contains material false statements or that the statements that are supposedly false were made intentionally or with reckless disregard for the truth. "In Franks, the Supreme Court held that the Fourth Amendment entitles a defendant to challenge the validity of a search warrant affidavit if the defendant makes a substantial preliminary showing that the affiant 'knowingly and intentionally, or with reckless disregard for the truth' inserted a false statement in the warrant affidavit." United States v. Napier, 436 F.3d 1133, 1135 (9th Cir. 2006). The defendant's allegations of falsity "must be accompanied by a detailed offer of proof, preferably in the form of affidavits." United States v. Kiser, 716 F.2d 1268, 1271 (9th Cir. 1983). The defense must make a "substantial showing" at the pleading stage to be entitled to a Franks hearing. United States v. Gonzalez, Inc., 412 F.3d 1102, 1111 (9th Cir. 2005); see also United States v. Mathison, 157 F.3d 541, 548 (8th Cir. 1998) ("A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing.").

The defendant's submission falls far short of the standard required for a Franks hearing. While he makes allegations as to which sections of the affidavit are false or inaccurate, the required offer of proof is nonexistent. Essentially, the defendant claims that the affidavit is false because he is not guilty, and anything in the affidavit that suggests he is guilty is a false statement. This type of bare-bones submission is exactly the type of generalized and unsupported claim that Franks held is insufficient. See Franks, 438 U.S. at 171 ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine"). Additionally, even if some of the facts alleged by the defendant are true, and the affidavit is false, the defendant makes no

showing that any misstatements in the affidavit were made deliberately or recklessly by the affiant. "Allegations that the affiant negligently or innocently included false information are insufficient to require a Franks hearing. United States v. Staves, 383 F.3d 977, 983 (9th Cir. 2004).

Gonzalez, Inc., a case cited by the defendant, proves the point. In Gonzalez, Inc., the Ninth Circuit found that the defense offer of proof was sufficient because it supported its claims of material misrepresentations and omissions in a wiretap affidavit with 100 pages of attachments. 412 F.3d at 1111. Here, the defendant provides no support at all for the conclusory allegations in his motion. He does not provide affidavits, attachments, copies of FBI or IRS reports, interview memoranda, or any corroboration at all for his bare assertion of falsity. He provides nothing.[1] Accordingly, the Court should deny the defendant's motion for a Franks hearing.

**B.    CDT Computer Protocols**

Separately, the defendant claims that the government's failure to follow the protocols described in United States v. Comprehensive Drug Testing, Inc. requires suppression of the evidence seized from the defendant's home, business, and computers. It is telling that, while the defendant accurately cites the name of the case upon which he relies, he does not provide a full case citation. The protocols quoted by the defendant, while originally part of a Ninth Circuit en banc majority opinion, were relegated to a concurring opinion in the Ninth Circuit's final disposition of the case. See United States v. Comprehensive Drug Testing, Inc. ("CDT III"), 621 F.3d 1162, 1178 (9th Cir. 2010) (Kozinski, C.J., concurring). Accordingly, those protocols are not binding upon the government nor are they the law of the Circuit. Id. at 1184 (Callahan, J. concurring in part and dissenting in part); see also United States v. Patel, No. 2:12-cr-306 JAM, 2013 WL 5819748, *6 (E.D. Cal. 2013) (finding that the government did not have to follow the CDT III protocols).

That the protocols in CDT III are not binding on either the Court or the government was subsequently made clear in United States v. Schesso, 730 F.3d 1040 (9th Cir. 2013). In Schesso, the

---

[1] While the Court need not consider the materiality of the alleged misrepresentations given the defendant's complete failure to make the required offer of proof, it is worth noting that virtually all of the alleged misrepresentations are in the portion of the affidavit that summarizes the case, rather than the more specific facts set forth in the interviews of relevant witnesses. If the defendant had made an offer of proof, the government would contend that the alleged misrepresentations were not material to the probable cause showing in light of the portions of the affidavit that are not challenged.

OPPOSITION TO MOTION TO SUPPRESS
UNITED STATES V. LOOMIS, 2:12-CR-315-JAM

3

Ninth Circuit reversed a district court's order granting a motion to suppress based on the government's failure to follow the search protocols suggested by the concurring opinion in CDT III.  Id. at 1047-48.  Just as in Schesso, none of the CDT III concerns are present in this case.  The government was not searching the headquarters of an independent company and seizing evidence regarding individuals not implicated in criminal wrongdoing.  Rather, the government sought and received authorization to search the headquarters of Loomis Wealth Solutions and the residence of Lee Loomis in connection with one of the largest fraud schemes in the history of this district.  The warrant affidavit provided ample probable cause to seize the items listed on Attachment B, and the defendant does not contend otherwise.  Under the circumstances, nothing more was required.

### III.  CONCLUSION

For the reasons stated above, the Court should deny the defendant's request for a Franks hearing and deny the defendant's motion to suppress.

Dated:  July 7, 2014                                BENJAMIN B. WAGNER
                                                    United States Attorney

                                                By:  /s/ JARED C. DOLAN
                                                     JARED C. DOLAN
                                                     Assistant United States Attorney